JONES DAY
Cindi L. Ritchey (SBN 216899)
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178
Email:      critchey@jonesday.com

Aileen H. Kim (SBN 324522)
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.533.7539
Email:      aileenkim@jonesday.com

Attorneys for Defendant
PVH RETAIL STORES LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GAMBOA-ACOSTA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PVH RETAIL STORES LLC; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. '22CV0818 LAB NLS<br><br>Assigned for all purposes to:<br><br>Courtroom:<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332(d), 1441(b) and 1446] |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant PVH Retail Stores LLC, erroneously named as PVH Retail Stores, LLC ("Defendant" or "PVH") in the above-titled action, hereby removes this matter to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. The grounds for removal are as follows:

### Compliance with Statutory Requirements

1. On or about May 2, 2022, Plaintiff Jesus Gamboa-Acosta, on behalf of himself and all others similarly situated ("Plaintiff"), filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of San Diego, Case No. 37-2022-00016377-CU-OE-CTL, captioned *Jesus Gamboa-Acosta, individually, and on behalf of all others similarly situated and aggrieved, Plaintiff v. PVH Retail Stores, LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive, Defendants.*

2. In the Complaint, Plaintiff asserts class and representative claims for: (1) recovery of unpaid minimum wages and liquidated damages (Labor Code §§ 1194 and 1194.2); (2) failure to provide meal periods or compensation in lieu thereof (Labor Code § 226.7); (3) failure to provide accurate wage statements (Labor Code § 226); (4) waiting time penalties (Labor Code §§ 201 *et seq.*); (5) violation of unfair competition law (Business and Professions Code §§ 17200 *et seq.*); and (6) violation of Private Attorneys General Act ("PAGA") (Labor Code §§ 2698 *et seq.*). Plaintiff seeks to recover unpaid minimum wages, meal premium pay, liquidated damages, statutory wage statement penalties, statutory waiting time penalties, restitution, civil penalties, and attorneys' fees and costs. Compl. ¶¶ 13, 16, 20, 26, 34, Prayer for Relief.

3. Plaintiff purports to represent the following class: "All individuals employed by Defendant as a non-exempt employee in California at any time within the four years prior to the filing of the initial complaint." Compl. ¶ 5.

1  4. On May 5, 2022, Plaintiff served Defendant with the Complaint. Defendant's removal of this action is timely because Defendant is removing this matter within 30 days of completion of service of the Complaint. *See* 28 U.S.C. § 1446(b); Cal. Code Civ. P. §§ 415.10, 415.30.

5. In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are true and correct copies of all process, pleadings, and orders in this action, which include Plaintiff's Complaint, Civil Cover Sheet, Summons, and Proof of Service; a Notice of Case Assignment and Case Management Conference; and Defendant's Answer to the Complaint, filed in state court.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego.

**Intradistrict Assignment**

7. Plaintiff filed this case in the Superior Court of California, County of San Diego; therefore, this case may properly be removed to the Southern District of California. 28 U.S.C. § 1441(a).

**Jurisdiction – CAFA Jurisdiction**

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) "the number of members of all proposed plaintiff classes in the aggregate" is not "less than 100," 28 U.S.C. § 1332(d)(5)(B). All requirements are satisfied in this case.

<u>Plaintiff and Defendant are Citizens of Different States</u>

9. In this matter, diversity of citizenship exists because Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2). Plaintiff resides in California (Compl. ¶ 1), reported California as his home address throughout his employment, and is thus a citizen of California. Defendant, on the other hand, is a LLC. For purposes of diversity jurisdiction, an LLC is a citizen of every state that its members are citizens of. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). PVH's sole member is PVH Corp., which is a Delaware corporation with its principal place of business in New York. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is its "nerve center," which will normally be where it maintains its headquarters). Defendant's headquarters and executive officers are located in New York. Thus, Defendant is a citizen of Delaware and New York.

10. All other defendants listed in the caption are fictitious defendants who are ignored for the purposes of a diversity analysis. 28 U.S.C. § 1441(b)(1).

<u>The Amount in Controversy Exceeds $5,000,000</u>

11. Though Defendant concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See generally* Compl.; 28 U.S.C. § 1332(d). Plaintiff seeks to recover unpaid minimum wages, meal premium pay, liquidated damages, statutory wage statement penalties, statutory waiting time penalties, restitution, civil penalties, and attorneys' fees and costs. Compl. ¶¶ 13, 16, 20, 26, 34, Prayer for Relief.

12. Plaintiff purports to represent a class of all individuals employed by Defendant as non-exempt employees in California at any time within the four years prior to the filing of the initial complaint. Compl. ¶ 5. During that time, Defendant employed at least 6,355 non-exempt employees in California.

13. The aggregate amount in controversy based on just some of Plaintiff's alleged class claims exceeds the amount in controversy threshold of $5,000,000 necessary to establish CAFA jurisdiction as follows[1]:

14. <u>Fourth Claim for Relief: Waiting Time Penalties</u>: Under California Labor Code § 203, an employer who willfully fails to pay in full wages to terminated employees must pay, as a penalty, the employee's wages for each day such wages are not paid, up to a maximum of 30 days' wages. Plaintiff alleges in his fourth claim for relief that Defendant "willfully failed to pay Plaintiff and other similarly situated and aggrieved employees who no longer are employed with Defendants all wages due and owing." Compl. ¶ 22. Based on information contained in Defendant's human resources system, at least 3,879 putative class members have ended their employment with PVH during the three-year period applicable to Plaintiff's § 203 claim. Assuming each of these individuals experienced only one of the various alleged types of Labor Code violations—a reasonable assumption given Plaintiff's allegations that each type of violation occurred "systematically," *id*. at 12, "regularly," *id*. at ¶ 15, and "consistently," *id*.—the amount placed in controversy by the § 203 claim is at least $9,002,689. This calculation is based on each putative class member's final rate of pay, multiplied by that individual's average shift length in the last three months of work, multiplied by 30 days.

15. <u>Third Claim for Relief: Failure to Provide Accurate Wage Statements</u>: Plaintiff alleges in his third claim for relief that Defendant violated Labor Code § 226 as a derivative of other Labor Code violations, including those pertaining to

---

[1] In providing the amount in controversy for purposes of removal, Defendant does not concede or acknowledge in any way that the allegations in Plaintiff's Complaint are accurate, that the allegations state a claim upon which relief may be granted, or that Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Defendant concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

unpaid minimum wages and meal periods.  Compl. ¶¶ 17–20.  Specifically, Plaintiff alleges that Defendant's wage statements "do not accurately reflect, inter alia, gross wages earned, total hours worked, and net wages earned." *Id.* at ¶ 19. Plaintiff alleges that the violations that allegedly resulted in inaccurate wage statements occurred "systematically," *id*. at ¶ 12, "regularly," *id*. at ¶ 15, and "consistently," *id*. So, according to Plaintiff's allegations, *most, if not all*, wage statements are going to inaccurately reflect the hours worked and the wages earned.  Defendant pays its hourly nonexempt employees weekly.  Section 226 imposes a $50 penalty for the first non-compliant wage statement, and for every subsequent non-compliant wages statement, imposes an additional $100 penalty, up to $4,000.  Cal. Lab. Code § 226(e)(1).  The statute of limitations for seeking penalties under § 226 is one year.  Thus, considering only the putative class members who have received a wage statement since May 2, 2021—one year before this action was filed—this claim places in controversy an additional amount of at least $3,835,450. Based on information contained in Defendant's human resources system, there were at least 2,026 putative class members who received wage statements since May 2, 2021.  For each of these individuals, the following formula was applied: ((number of weeks worked in the limitations period) x $100) -$50, up to a maximum of $4,000, for a grand total of approximately $3,835,450.

16.     Accepting the allegations in the Complaint as true for purposes of removal only, the amount-in-controversy threshold is easily exceeded by aggregating the waiting time and wage statement penalties.  The amount placed in controversy by Plaintiff's other claims, including meal period claims, would only further increase the amount in controversy.  Moreover, these calculations do not include the attorneys' fees that are placed in controversy, which may properly be considered for purposes of removal.  *Salcido v. Evolution Fresh, Inc.*, No. 214CV09223SVWPLA, 2016 WL 7381, at *8 (C.D. Cal. Jan. 6, 2016) (approving use of 25% of amount in controversy for attorneys' fees calculation on removal);

*Dittmar v. Costco Wholesale Corp.*, No. 14-CV-1156-LAB-JLB, 2015 WL 7106636, at *5 (S.D. Cal. Nov. 13, 2015) (same).  Adding the attorneys' fees to the previously established amount in controversy reinforces that the total amount at issue in this matter is well beyond the $5,000,000 threshold.  This dispute plainly exceeds the minimum amount-in-controversy requirement for jurisdiction under CAFA.

<u>Number of Proposed Class Members</u>

17.   The number of putative class members in the aggregate well exceeds 100.  28 U.S.C. § 1332(d)(5)(B).  During the relevant time period (from May 2, 2018 to the present), Defendant employed at least 6,355 non-exempt employees in California.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of San Diego.

Dated: June 3, 2022                             JONES DAY

By: *s/Cindi L. Ritchey*
Cindi L. Ritchey
Aileen H. Kim

Attorneys for Defendant
PVH RETAIL STORES LLC

# INDEX OF EXHIBITS

# RE: NOTICE OF REMOVAL OF ACTION PURSUANT TO

# 28 U.S.C. §§ 1332(d), 1441(b) and 1446

# GAMBOA-ACOSTA v. PVH RETAIL STORES LLC

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| A | Plaintiff's Complaint, Civil Cover Sheet, Summons, and Proof of Service; a Notice of Case Assignment and Case Management Conference; and Defendant's Answer to the Complaint | 9-33 |