# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/02/2022** at 07:53:21 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PVH RETAIL STORES, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JESUS GAMBOA-ACOSTA, individually, and on behalf of all others similarly situated and aggrieved

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  San Diego County Superior Court
330 West Broadway, San Diego CA 92101

CASE N 37-2022-00016377-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

J. Kirk Donnelly, Law Offices of J. Kirk Donnelly, APC, 2173 Salk Ave. Ste. 250, Carlsbad CA 92008; 760-209-5894

| DATE:<br>*(Fecha)* | 05/03/2022 | Clerk, by<br>*(Secretario)* | J Walters<br>J. Walters | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**EXHIBIT A
PAGE 9**

1  Zachary Crosner (SBN 272295)
   zach@crosnerlegal.com
2  **CROSNER LEGAL, P.C.**
   9440 Santa Monica Blvd., Ste. 301
3  Beverly Hills, CA 90210
   Tel. (310) 496-5818
4  Fac. (310) 510-6429

5  J. KIRK DONNELLY (SBN 179401)
   **LAW OFFICES OF J. KIRK DONNELLY, APC**
6  2173 Salk Avenue, Suite 250
   Carlsbad, CA 92008
7  Tel. (760) 209-5894
   kdonnelly@jkd-law.com
8
   Counsel for Plaintiff JESUS GAMBOA-ACOSTA
9

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/02/2022** at 07:53:21 PM
Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

10              **SUPERIOR COURT OF CALIFORNIA**

11           **IN AND FOR THE COUNTY OF SAN DIEGO**

12

13  JESUS GAMBOA-ACOSTA, individually,        CASE NO.   37-2022-00016377-CU-OE-CTL
    and on behalf of all others similarly situated
14  and aggrieved,

15          Plaintiff,

16  vs. PVH RETAIL STORES, LLC, a
    Delaware limited liability company, and     **CLASS ACTION COMPLAINT**
17  DOES 1 through 10, inclusive,

18          Defendants.

19                                              **JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

1.  Plaintiff JESUS GAMBOA-ACOSTA is an individual residing in the State of California.

2.  On information and belief, defendant PVH RETAIL STORES, LLC is a Delaware limited liability company duly licensed to conduct business in the State of California.

3.  Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10 but will amend this complaint when that information becomes known. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship. Unless otherwise specified, Plaintiff will refer to all defendants as "Defendant," and each allegation pertains to each defendant.

4.  This court possesses original subject matter jurisdiction over this matter. Venue is proper in this judicial district because Defendant transacts business in this district, and some of the complained of conduct occurred in this judicial district.

## CLASS ACTION ALLEGATIONS

5.  Defendant employed Plaintiff in California as a non-exempt employee in its retail stores during the relevant time period. Plaintiff brings this action as a class action under Code of Civil Procedure section 382 on behalf of himself and all others similarly situated. The class Plaintiff seeks to represent is defined as follows: "All individuals employed by Defendant as a non-exempt employee in California at any time within the four years prior to the filing of the initial complaint."

6.  Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Defendant properly calculated and paid all amounts due to Plaintiff and the class members for wages earned, including minimum and overtime wages, under California law; (2) whether Defendant violated the

2

EXHIBIT A
PAGE 11

1  California Labor Code and/or IWC Wage Orders by withholding wages, including minimum

2  wages, from Plaintiff and the class members; (3) whether Defendant provided Plaintiff and the

3  class members with all required meal periods or premium compensation in lieu thereof, under

4  California law; (4) whether Defendant provided Plaintiff and the class members with proper,

5  itemized wage statements; (5) whether Defendant timely paid Plaintiff and the class members all

6  wages due upon separation of employment; (6) whether Defendant's failure to timely pay all

7  wages due upon separation of employment was willful; and (7) whether Defendant violated

8  California Business and Professions Code sections 17200, *et seq.*

9      7.    <u>Ascertainable Class</u>.  The proposed class is ascertainable as its members can be

10  identified and located using information in Defendant's business, payroll and personnel records.

11      8.    <u>Numerosity</u>.  The plaintiff class is so numerous that the individual joinder of all

12  members is impractical under the circumstances of this case. While the exact number of class

13  members is unknown to Plaintiff, Plaintiff is informed and believes the class consists of at least

14  100 individuals.

15      9.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the class members.

16  Plaintiff suffered a similar injury as the other class members as a result of Defendant's common

17  practices regarding, inter alia, calculation and payment of wages, including overtime wages,

18  failure to provide proper meal periods or premium compensation in lieu thereof, provision of

19  wage statements, and payment of wages due upon termination. In addition, Plaintiff will fairly

20  and adequately protect the interests of the class members. Plaintiff has no interests adverse to the

21  interests of the other class members.

22      10.    <u>Superiority</u>.  A class action is superior to other available means for the fair and

23  efficient adjudication of this controversy since individual joinder of all members of the class is

24  impractical. Class action treatment will permit a large number of similarly situated persons to

25  prosecute their common claims in a single forum simultaneously, efficiently, and without the

26  unnecessary duplication of effort and expense that numerous individual actions would engender.

27  Furthermore, as the damages suffered by each individual member of the class may be relatively

28  small, the expenses and burden of individual litigation would make it difficult or impossible for

3

CLASS ACTION COMPLAINT

1   individual members of the class to redress the wrongs done to them, while an important public

2   interest will be served by addressing the matter as a class action.  The cost to the court system of

3   adjudication of such individualized litigation would be substantial.   Individualized litigation

4   would also present the potential for inconsistent or contradictory judgments.   Finally, the

5   alternative of filing a claim with the California Labor Commissioner is not superior, given the

6   lack of discovery in such proceedings, the fact that there are fewer available remedies, and the

7   losing party has the right to a trial de novo in the Superior Court.

8                          **FIRST CAUSE OF ACTION**

9                   (Recovery of Unpaid Minimum Wages and Liquidated Damages -

10                           Labor Code §§ 1194 and 1194.2)

11          11.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

12          12.     California law mandates that employees in California be paid for all hours worked,

13   up to 40 per week or 8 per day, at a regular time rate no less than the mandated minimum wage.

14   Defendant violated California minimum wage laws by requiring, suffering or permitting Plaintiff

15   and other aggrieved employees to work without compensation in part by using a rounding system

16   that, as applied, systematically deprived them of compensable hours worked because the time

17   recording system implemented by Defendant resulted in understating actual compensable hours

18   worked due to the rounding. Accordingly, Plaintiff and similarly aggrieved employees were not

19   paid for all hours worked causing minimum wage violations pursuant to Labor Code sections

20   1194-1199, and all applicable Wage Orders. These violations subject Defendant to civil penalties

21   under the foregoing Labor Code sections and other applicable Labor Code sections, including

22   without limitation Labor Code sections 1197.1 and 2699.

23          13.     Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the class members

24   are entitled to recover all unpaid minimum time wages and liquidated damages thereon, plus

25   attorney's fees and costs, in an amount to be proved at trial.

26   /////

27   /////

28   /////

                                      4

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

(Failure to Provide Meal Periods or Compensation in Lieu Thereof --

Labor Code § 226.7)

14.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

15.     Plaintiff and the class members regularly worked periods of more than five in a workday without being provided mandatory thirty-minute, duty-free meal periods before the end of the fifth hour of work. Upon information and belief, Defendant failed to maintain a company meal period policy compliant with California law. Plaintiff and similarly aggrieved employees were consistently unable to take timely, thirty-minute uninterrupted meal periods, and per Defendant's illegal meal period policy/practice, Plaintiff and other aggrieved employees were not always relieved of their duties for purposes of taking meal periods.  Defendant's management employees engaged in a pattern and practice of altering employee time records in order to conceal meal period violations and avoid paying the required premium wage. Defendant also failed to pay Plaintiff and other aggrieved employees an additional hour of wages at their regular rates of compensation for each workday a meal period was not provided, or was late, short or interrupted.

16.     Defendant failed to provide Plaintiff and the class members with all required meal periods, or with compensation in lieu thereof. As a result, under Labor Code section 226.7, Plaintiff and the class members are entitled to one additional hour's pay at the regular rate of compensation for each day a meal period was missed, late or interrupted, all in an amount to be proved at trial.

**THIRD CAUSE OF ACTION**

(Failure to Provide Accurate Wage Statements – Labor Code § 226)

17.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

18.     California law provides that, at the time of each payment of wages, the employer must provide each employee with an itemized statement showing, inter alia, gross wages earned, total hours worked, all deductions taken, net wages earned, the inclusive dates for which the employee is being paid, the employee's name and last four digits of their social security number, the name and address of the legal entity that it is the employer, and all applicable hourly rates in

5

1   effect during the pay period and all hours worked at each rate.

2       19.    Defendant knowingly and intentionally failed to provide Plaintiff and other

3   similarly situated and aggrieved employees with proper, itemized wage statements as the wage

4   statements provided by Defendant do not accurately reflect, inter alia, gross wages earned, total

5   hours worked, and net wages earned. Given that Defendant rounded employee time punches to

6   the employees' detriment and underpaid them accordingly, the wage statements are inaccurate on

7   their face.

8       20.    Within the meaning of Labor Code section 226, Defendants knowingly and

9   intentionally failed to provide Plaintiff and the class members with proper, itemized wage

10  statements and Plaintiff and class members are deemed to have suffered actual injury as a result.

11  Accordingly, under Labor Code section 226, Plaintiff and the class members each are entitled to

12  statutory penalties in the amount of $50.00 for the initial pay period in which a violation

13  occurred, and $100.00 for each subsequent pay period in which a violation occurred, up to an

14  aggregate penalty of $4,000.00 per employee, plus attorney's fees and costs, all in an amount to

15  be proved at trial.

16                            **FOURTH CAUSE OF ACTION**

17              (Waiting Time Penalties – Labor Code §§ 201, et seq.)

18      21.    Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

19      22.    The California Labor Code provides that, at the time of termination of

20  employment, the employer must pay an employee all wages due and owing within the time

21  frames set forth in Labor Code sections 201, et seq. Defendants willfully failed to pay Plaintiff

22  and other similarly situated and aggrieved employees who no longer are employed with

23  Defendants all wages due and owing within the deadlines set forth in Labor Code sections 201, et

24  seq.

25      23.    Under Labor Code section 203, Plaintiff and the class members who no longer are

26  employed with Defendants are entitled to recover waiting time penalties of up to 30 days' pay,

27  plus attorney's fees and costs, in an amount to be proved at trial.

28  /////

6

**EXHIBIT A
PAGE 15**

**FIFTH CAUSE OF ACTION**

(Violation of Unfair Competition Law – Bus. & Prof. Code §§ 17200, et seq.)

24.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

25.     Defendant's failure, inter alia, to pay all wages earned and failure to pay all overtime wages earned, failure to provide all required meal breaks or compensation in lieu thereof, all in violation of the Labor Code and Wage Orders, constitutes an unlawful, unfair or fraudulent business act or practice, in violation of Business & Professions Code sections 17200, et seq.

26.     Pursuant to Business & Professions Code section 17203, Plaintiff and the class members are entitled to restitution of all unpaid wages and other sums owed, plus attorney's fees and costs, in an amount to be proved at trial.

**SIXTH CAUSE OF ACTION**

(Violation of Private Attorneys General Act of 2004 – Labor Code §§ 2698, et seq.)

27.     Plaintiff incorporates all preceding paragraphs as if fully alleged herein

28.     During the period beginning one-year period preceding the filing of the required PAGA notice with the Labor Workforce and Development Agency, and continuing through the present, as alleged herein, Defendant violated Labor Code sections 201-203, 204, 210, 226, 226.7, 512, 514, 1174, 1194, 1197, 1198, and 2810.5, and all applicable Wage Orders, as to Plaintiff and all other similarly aggrieved employees employed by Defendant in California. These violations subject Defendant to civil penalties as set forth in the foregoing statutes as well as other provisions of the Labor Code, including without limitation Labor Code sections 210, 225.5, 226.3, 256, 558, 1174.5, 1197.1, and 2699, and section 20 of all applicable Wage Orders

29.     Plaintiff is an "Aggrieved Employee" under PAGA, as he was employed by Defendant during the applicable statutory limitations period and suffered one or more of the Labor Code violations set forth herein.  Plaintiff seeks to represent all individuals employed by Defendant as a non-exempt employee in California at any time from March 17, 2019 to the present. Plaintiff seeks to recover, on behalf of himself and all other current and former Aggrieved Employees, the civil penalties provided by PAGA, plus reasonable attorney's fees and

7

CLASS ACTION COMPLAINT

1  costs.

2       30.    Therefore, under the provisions of PAGA and above referenced Labor Code

3  sections, and all applicable Wage Orders as well as all interpretations of these laws by California

4  Courts and administrative bodies, as well as any other law that is enforceable through PAGA,

5  Defendants are also liable for the following penalties: (i) all statutorily-specified penalties

6  recoverable under PAGA as enumerated in the relevant California Labor Code provisions listed

7  herein only if permitted by the PAGA statute; and (ii) default PAGA penalties for any violation of

8  the enumerated list of Labor Code violations without a civil penalty recoverable under the PAGA,

9  all in the default amounts provided by Labor Code section 2699(f).

10       31.    The proper measure of penalties under PAGA is the number of violations, whether

11  those violations were committed as against Plaintiff or any Aggrieved Employee, whether a party

12  to this action or not.

13       32.    Plaintiff complied with the procedures for bringing suit specified in Labor Code

14  sections 2699.3 and 2699.5. Plaintiff gave written notice to the California Labor & Workforce

15  Development Agency ("LWDA") via electronic submission at PAGAfilings@dir.ca.gov on

16  or about November 23, 2021, and via certified mail to Defendant on that same date, of the

17  specific provisions of the Labor Code and Wage Orders allegedly violated, including the facts

18  and theories to support the alleged violations.

19       33.    Under Labor Code section 2699.3, the LWDA must give written notice by

20  certified mail to the parties it intends to investigate the alleged violations within 65 days of the

21  date of the Plaintiff's written notice. As of the date of this Complaint, the LWDA has not

22  provided the parties any notice of its intention to investigate Plaintiff's claims on behalf of

23  himself and other similarly aggrieved employees. Moreover, as of the date of this Complaint,

24  Defendants have not responded to Plaintiff's PAGA notice in an attempt to cure.

25  Accordingly, Plaintiff has exhausted all administrative remedies required by law.

26       34.    Pursuant to Labor Code section 2699(g), and/or any and all other applicable laws,

27  Plaintiff is entitled to recover civil penalties, costs, and attorney's fees, all in an amount to be

28  proved at trial.

8

CLASS ACTION COMPLAINT

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.    For compensatory and liquidated damages according to proof;

2.    For an order requiring Defendants to make restitution of all amounts wrongfully withheld from Plaintiff and the class;

3.    For pre-judgment interest as permitted by law;

4.    For civil penalties according to proof;

5    For reasonable attorney's fees and costs of suit; and

6.    For such other and further relief as the Court deems just and proper.

Dated: May 2, 2022                                      LAW OFFICES OF J. KIRK DONNELLY, APC

                                                                    *J. Kirk Donnelly*
                                                                    J. Kirk Donnelly
                                                                    Attorneys for Plaintiff Jesus Gamboa-Acosta

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 2, 2022                                      LAW OFFICES OF J. KIRK DONNELLY, APC

                                                                    *J. Kirk Donnelly*
                                                                    J. Kirk Donnelly
                                                                    Attorneys for Plaintiff Jesus Gamboa-Acosta

9

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>J. Kirk Donnelly (179401); Law Offices of J. Kirk Donnelly, APC<br>2173 Salk Ave., Ste. 250, Carlsbad CA 92008<br><br>TELEPHONE NO.: 760-209-5894    FAX NO. *(Optional):*<br>E-MAIL ADDRESS: kdonnelly@jkd-law.com<br>ATTORNEY FOR *(Name):* Plaintiff Jesus Gamboa-Acosta | *FOR COURT USE ONLY* |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego CA 92101<br>BRANCH NAME: Hall of Justice | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/02/2022** at 07:53:21 PM<br>Clerk of the Superior Court<br>By Jacqueline J. Walters, Deputy Clerk |

| | |
|---|---|
| CASE NAME:<br>Gamboa-Acosta v. PVH Retail Stores, LLC | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**  [ ] **Limited**<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00016377-CU-OE-CTL |
| | | JUDGE: |
| | | DEPT.: Judge John S. Meyer |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 2, 2022
J. Kirk Donnelly
_____
(TYPE OR PRINT NAME)                              *J. Kirk Donnelly*
                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**EXHIBIT A**
**PAGE 19**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]                       **CIVIL CASE COVER SHEET**                       **Page 2 of 2**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form       Save this form       Clear this form

**EXHIBIT A
PAGE 20**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

| PLAINTIFF(S) / PETITIONER(S): | Jesus Gamboa-Acosta |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | PVH Retail Stores LLC |
|---|---|

GAMBOA-ACOSTA VS PVH RETAIL STORES LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2022-00016377-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:   John S. Meyer                                    Department: C-64

**COMPLAINT/PETITION FILED:** 05/02/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/07/2022 | 09:45 am | C-64 | John S. Meyer |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

**EXHIBIT A**
**PAGE 21**

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>— J. Kirk Donnelly (SBN 179401)<br>LAW OFFICES OF J. KIRK DONNELLY, APC<br>2173 Salk Avenue  Suite 250<br>Carlsbad, CA 92008<br>TELEPHONE NO.: (760) 209-5894 \| FAX NO.  \| E-MAIL ADDRESS kdonnelly@jkd-law.com<br>ATTORNEY FOR: Plaintiff: Jesus Gamboa- Acosta | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/27/2022** at 09:01:00 AM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:  330 W. BROADWAY<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN DIEGO, CA 92101<br>BRANCH NAME: CENTRAL DIVISION | |
| Plaintiff:    Jesus Gamboa- Acosta<br><br>Defendant: PVH Retail Stores, LLC, a Delaware Limited Liability Company | CASE NUMBER:<br>37-2022-00016377-CU-OE-CTL |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>2060631AA |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  **Notice of Case Assignment and Case Management Conference;**
3. a.  Party served *(specify name of party as shown on documents served)*:
   **PVH Retail Stores, LLC, a Delaware Limited Liability Company**
   b. ☑   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **CSC Lawyers Incorporating Service, Inc., Agent for Service of Process by serving Lai Saevang - Customer
      Service Liaison**
4. Address where the party was served:  **2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833**
5. I served the party *(check proper box)*
   a. ☑   **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* **5/5/2022**    (2) at *(time):* **3:40 PM**

   b. ☐   **by substituted service.**  On *(date):*   at  *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
             person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
             abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box.  I informed him of
             her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
             place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
             *(date):*   from *(city):*                                          **or** ☐  a declaration of mailing is attached.

      (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

---

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/2060631

EXHIBIT A
PAGE 23

| Plaintiff: **Jesus Gamboa- Acosta** | CASE NUMBER: |
| Defendant: **PVH Retail Stores, LLC, a Delaware Limited Liability Company** | **37-2022-00016377-CU-OE-CTL** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                                                 *(2) from (city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **PVH Retail Stores, LLC, a Delaware Limited Liability Company**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Lachmi Prasad - Ace Attorney Service, Inc.**

b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

c. Telephone number: **(213) 623-3979**

d. **The fee** for service was: **$ 97.35**

e. I am:

(1) ☑ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:

(i) ☐ owner          ☐ employee          ☐ independent contractor.

(ii) Registration No.: **N/A**

(iii) County: **N/A**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/17/2022**

_____
**Lachmi Prasad**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                    *(signature)*
_____
(Signature - Per CC §1633.7)

| | |
|---|---|
| 1 | JONES DAY<br>Liat L. Yamini, Bar No. 252238 |
| 2 | lyamini@jonesday.com<br>555 South Flower Street |
| 3 | Fiftieth Floor<br>Los Angeles, California 90071 |
| 4 | Telephone:     +1.213.243.2317<br>Facsimile:     +1.213.243.2539 |
| 5 | |
| 6 | Cindi L. Ritchey, Bar No. 216899<br>critchey@jonesday.com |
| 7 | 4655 Executive Drive<br>Suite 1500 |
| 8 | San Diego, California  92121.3134<br>Telephone:     +1.858.314.1200<br>Facsimile:     +1.844.345.3178 |
| 9 | |
| 10 | Aileen Kim, Bar No. 324522<br>aileenkim@jonesday.com |
| 11 | 3161 Michelson Drive, Suite 800<br>Irvine, California 92612 |
| 12 | Telephone:     +1.949.851.3939<br>Facsimile:     +1.949.533.7539 |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

06/01/2022 at 11:14:00 AM
Clerk of the Superior Court
By Keira McCray,Deputy Clerk

13  Attorneys for Defendant
    PVH RETAIL STORES LLC

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                        COUNTY OF SAN DIEGO

17

18  JESUS GAMBOA-ACOSTA, individually, and     Case No. 37-2022-00016377-CU-OE-CTL
    on behalf of all others similarly situated and
19  aggrieved,                                  Assigned for all purposes to the Honorable
                                                Judge John S. Meyer
20                Plaintiff,
                                                 UNLIMITED JURISDICTION
21          v.
                                                **PVH RETAIL STORES LLC'S**
22  PVH RETAIL STORES, LLC, a Delaware          **ANSWER TO UNVERIFIED CLASS**
    limited liability company, and DOES 1 through **ACTION COMPLAINT**
23  10, inclusive,

24                Defendant.

25

26       Defendant PVH Retail Stores LLC, erroneously named as PVH Retail Stores, LLC

27  ("Defendant"), hereby answers the unverified Complaint ("Complaint") of Plaintiff Jesus

28  Gamboa-Acosta ("Plaintiff") in the above-captioned case as follows:

---

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

**<u>General Denial</u>**

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the unverified Complaint filed by Plaintiff and, without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff, or any of those he seeks to represent, have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

In further answer to the Complaint, Defendant asserts the following affirmative and other defenses. Defendant reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff or Defendant bear the burden of proof on any issue. Defendant further denies that the putative alleged class, or any class or subclass, may be certified, whether as alleged or otherwise.

**<u>FIRST DEFENSE</u>**

**(Failure to State a Claim – All Claims)**

The Complaint fails to allege facts sufficient to state a cause of action against Defendant and further fails to allege facts sufficient to entitle Plaintiff and/or those he seeks to represent to the relief sought, or to any other relief whatsoever from Defendant.

**<u>SECOND DEFENSE</u>**

**(Statute of Limitations – All Claims)**

Plaintiff's claims, and the claims of those he seeks to represent, are barred, in whole or in part, by applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338, 339 and 340, California Labor Code § 203, and California Business and Professions Code § 17208.

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

**EXHIBIT A**
**PAGE 26**

**THIRD DEFENSE**

**(Release– All Claims)**

Plaintiff's claims, and the claims of those he seeks to represent, are barred by the doctrine of release to the extent that Plaintiff and/or some or all of those he seeks to represent have released their claims, including but not limited to the releases entered into in connection with the settlement in the action entitled *Alysha Freeze v. PVH*, U.S.D.C., C.D. Cal. Case No. 2:19-cv-1694-PSG.

**FOURTH DEFENSE**

**(Res Judicata/Collateral Estoppel – All Claims)**

Some or all of Plaintiff's claims and the claims of those he seeks to represent are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, including by the prior class action settlement in the action entitled *Alysha Freeze v. PVH*, U.S.D.C., C.D. Cal. Case No. 2:19-cv-1694-PSG.

**FIFTH DEFENSE**

**(Laches, Waiver, and Estoppel – All Claims)**

The Complaint, and each and every claim alleged therein, is barred by the doctrines of laches, waiver, and/or estoppel.

**SIXTH DEFENSE**

**(No Penalties or Premium Pay– All Claims)**

Plaintiff and those he seeks to represent are not entitled to any penalty award under Labor Code Section 203, Labor Code Section 226, California's Private Attorney General Act, or any penalty, premium, or liquidated damages under any other Section of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of California Labor Code § 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

**SEVENTH DEFENSE**

**(Fair and Neutral Timekeeping – All Claims)**

The claims of Plaintiff and all of the putative class members are barred because, to the extent rounding occurred, such rounding was done in a fair and neutral manner.

**EIGHTH DEFENSE**

**(Unclean Hands – All Claims)**

The Complaint, and each and every claim alleged therein, is barred by the doctrine of unclean hands.

**NINTH DEFENSE**

**(Failure to Follow Instructions/Policy Violations – All Claims)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and some or all of those he seeks to represent failed to follow Defendant's instructions and/or violated some or of all of Defendant's policies.

**TENTH DEFENSE**

**(Voluntary Conduct – Second Cause of Action)**

The claims of Plaintiff and of some or all of the putative class members for meal period violations are barred because Defendant had policies in place which complied with applicable provisions of the California Labor Code and Wage Orders, and because the alleged missed meal periods, if any, were due to the voluntary conduct of Plaintiff and/or the putative class members.

**ELEVENTH DEFENSE**

**(Good Faith Dispute – Third and Fourth Causes of Action)**

The claim for failure to pay wages upon termination and the claim for failure to provide accurate wage statements should be denied because a good faith dispute exists as to whether any wages are due.

**TWELFTH DEFENSE**

**(Payment – All Claims)**

Plaintiff's claims are barred because Plaintiff and those he seeks to represent have been paid all wages due and owed.

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

**THIRTEENTH DEFENSE**

**(Standing – All Claims)**

Plaintiff's claims are barred because Plaintiff lacks standing to assert them.

**FOURTEENTH DEFENSE**

**(Violation of Due Process – All Claims)**

California Business and Professions Code §§ 17203 and 17204, the California Labor Code and Private Attorneys General Act penalties violate the Due Process and Excessive Fines Clauses of the United States and California Constitutions to the extent that the standards of liability under those statutes are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**FIFTEENTH DEFENSE**

**(Set Off – All Claims)**

Defendant is entitled to setoff, and/or to recoup, any monies paid to Plaintiff and/or those he seeks to represent that are in excess of amounts owed, if any.

**SIXTEENTH DEFENSE**

**(Lack of a Competitive Injury – All Claims)**

Plaintiff lacks standing under Business and Professions Code Section 17200 *et seq.*, because neither he nor the putative class members have suffered a competitive injury.

**SEVENTEENTH DEFENSE**

**(No Retroactivity – All Claims)**

To the extent that certain or all of Plaintiff's claims rely in any part on statutory amendments or additions during the class or collective period, those amendments and additions are not retroactive and bar Plaintiff's claims in whole or in part.

**EIGHTEENTH DEFENSE**

**(Lack Of Knowledge – All Claims)**

The claims of Plaintiff and the putative class members are barred as to all hours allegedly worked and/or all alleged non-compliant meal breaks of which Defendant lacked actual or constructive knowledge.

- 5 -

**NINETEENTH DEFENSE**

**(Proceedings in the Form of a Class or Representative Action – All Claims)**

Plaintiff is not entitled to class action certification because Plaintiff cannot satisfy the requirements for bringing a class action, and Plaintiff cannot adequately represent the interests of potential class members.

**TWENTIETH DEFENSE**

**(Class or Representative Treatment Not Manageable – All Claims)**

This action is not appropriate for class or representative treatment because, among other things, it would not be manageable as a class or representative action.

**TWENTY-FIRST DEFENSE**

**(Accord and Satisfaction– All Claims)**

The claims of Plaintiff and those he seeks to represent are barred by the doctrine of accord and satisfaction.

**TWENTY-SECOND DEFENSE**

**(Activities Done Before or After Principal Activities– All Claims)**

The claims of Plaintiff, and those he seeks to represent, are barred as to all hours during which Plaintiff and those he seeks to represent were engaged in activities that were preliminary to or after their principal activities.

**TWENTY-THIRD DEFENSE**

**(Failure to Exhaust Administrative Remedies – Sixth Cause of Action)**

Plaintiff's claims are barred to the extent that he has failed to properly exhaust available administrative remedies, and/or has otherwise failed to take those steps that are prerequisites to filing the Complaint.

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TWENTY-FOURTH DEFENSE**

**(No Civil Penalties – All Claims)**

Plaintiff's claims for civil penalties are barred because recovery of civil penalties would result in an award that is unjust, arbitrary and oppressive, or confiscatory.

**TWENTY-FIFTH DEFENSE**

**(Due Process, Class and Representative Action – All Claims)**

Plaintiff's attempt to pursue this case as a class action or representative action violates Defendant's constitutional rights to a jury trial and to due process, and Plaintiff's attempts to pursue this case as a class action or representative action fail because an independent and individual analysis of Plaintiff's claims and the claims of each putative class member and each of Defendant's defenses is required.

**TWENTY-SIXTH DEFENSE**

**(*De Minimis* – All Claims)**

Plaintiff's claims and the claims of those he seeks to represent are barred, in whole or in part, because the time periods for which they are claiming entitlement are irregular and fall within the *de minimis* exception.

**TWENTY-SEVENTH DEFENSE**

**(Reservation of Rights – All Claims)**

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not Defendant bears the burden of proof on any issue.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

- 7 -

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

1      1.      That Plaintiff take nothing by his Class Action Complaint on file herein;

2      2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes

3  of action;

4      3.      That the Court decline to certify any class, whether as alleged or otherwise;

5      4.      That Defendant be awarded reasonable attorneys' fees according to proof;

6      5.      That Defendant be awarded its costs of suit incurred; and

7      6.      That Defendant be awarded such other and further relief as the Court may deem

8  appropriate.

9

10  Dated: June 1, 2022                                      Respectfully submitted,

11                                                           JONES DAY

12

13                                                           By:

14                                                           Liat L. Yamini
                                                             Cindi L. Ritchey
15                                                           Aileen H. Kim

16                                                           Attorneys for Defendant
                                                             PVH RETAIL STORES LLC

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

**PROOF OF SERVICE**

I, Frances Pham, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On June 1, 2022, I served a copy of the within document(s):

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Zachary Crosner<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Boulevard<br>Suite 301<br>Beverly Hills, CA 90210<br>Telephone (310) 496-5818<br>Facsimile (310) 510-6429<br>zach@crosnerlegal.com<br><br>*Attorneys for Plaintiff*<br>*Jesus Gamboa-Acosta* | J. Kirk Donnelly<br>LAW OFFICES OF J. KIRK<br>DONNELLY, APC<br>2173 Salk A venue<br>Suite 250<br>Carlsbad, CA 92008<br>Telephone (760) 209-5894<br>kdonnelly@jkd-law.com<br><br>*Attorneys for Plaintiff*<br>*Jesus Gamboa-Acosta* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 1, 2022, at Irvine, California.

_____
Frances Pham

- 9 -

**PVH RETAIL STORES LLC'S ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT**